## BERENGUER v. METROPOLITAN DADE COUNTY and M.R. STIERHEIM
### Case No. 83-030-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
July 27, 1983

Donald D. Slesnick, II, for appellant.

James A. Jurkowski, Assistant County Attorney, for appellees.

Before BARAD, GOLDMAN, and KORVICK, JJ.

PER CURIAM.

---

On March 28, 1980, Officer Randolph Berenguer responded to the residence of Hyacynth Allen Thurmond, regarding a child custody dispute. Mrs. Thurmond was at the residence.

Mrs. Thurmond filed a complaint against Officer Berenguer, claiming that he had made insulting remarks to her.

On August 6, 1980, after an investigation of the matter, Officer Berenguer was notified that he would be suspended without pay for a period of three days.

Officer Berenguer, in a timely fashion, appealed his suspension and requested a hearing. This matter came before the Hearing Examiner on January 19, 1982 and May 26, 1982. On August 20, 1982, the Hearing Examiner submitted a report, conclusion of law and recommendation. The County Attorney returned said findings to the Hearing Examiner with a request for an expanded finding of fact. Subsequently, the Hearing Examiner submitted an expanded finding of fact and a recommendation that the suspension be rescinded.

On January 17, 1983, the County Manager notified Officer Berenguer, in writing, that he was rejecting and overturning the Hearing Examiner's recommended order and was thereby upholding Berenguer's three day suspension.

It is the finding of this Court that Officer Berenguer's Procedural Due Process Rights were violated by the excessive delay in the scheduling of his suspension appeal hearing before the Hearing Examiner. In the instant case, the suspension appeal hearing was delayed for over fourteen (14) months, over the protests of the Appellant's counsel. In fact, the Hearing Examiner, on May 26, 1982, made the following statement: "The delay of this hearing has affected the quality of the testimony that has been heard".

The fundamental requirement of Due Process is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner: *Parratt v. Taylor*, 451 U.S. 527 (1981); *Armstrong v. Manzo*, 380 U.S. 545 (1965). Government employment which allows termination only "for cause", creates such a property interest and entitles one to the constitutional protections of Due Process: *Arnett v. Kennedy*, 416 U.S. 134 (1974); *Thurston v. Dekle*, 531 F.2d 1264, 1272, (5th Cir. 1976).

Dade County has an obligation to provide hearings expeditiously. The prejudicial effect of the lengthy delay between Officer Berenguer's suspension and hearing before the Hearing Examiner interfered with and deprived him of his rights to Due Process under the Fourteenth Amendment.

Officer Berenguer's three day suspension is hereby rescinded.

As we are reversing on a violation of Procedural Due Process, we need not address the question as to whether the County Manager's decision was supported by competent substantial evidence.

REVERSED.